IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-2076 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA; LEHIGH COUNTY | : | |
| COURTHOUSE; TONY TYRIQUE | : | |
| ALVAREZ; JOSEPH STAUFFER; | : | |
| JAMES B. MARTIN; ROBERT W. | : | |
| SCHOPF; and TONY BARATA, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                          July 18, 2022

The *pro se* plaintiff, a prisoner in a county jail, has filed an application for leave to proceed

*in forma pauperis* and a complaint where he asserts claims for malicious prosecution and other

constitutional violations under 42 U.S.C. § 1983. The plaintiff names as defendants the

Commonwealth of Pennsylvania, a county courthouse, and five Commonwealth attorneys who

were involved in prosecuting him on criminal charges that the Commonwealth ultimately *nolle*

*prossed*.

Although the court will grant Pumba leave to proceed *in forma pauperis*, the court will

dismiss the complaint because (1) his section 1983 claims against the Commonwealth of

Pennsylvania are not plausible insofar as the Commonwealth is not a "person" amenable to suit

under section 1983 and is otherwise entitled to Eleventh Amendment immunity, (2) he may not

sue a county courthouse under section 1983, (3) the Commonwealth attorneys are entitled to

prosecutorial immunity because all allegations against them intimately relate to the judicial

process, and (4) he has failed to include sufficient allegations to assert a plausible cause of action for any constitutional violation. Because the plaintiff is proceeding *pro se*, the court will provide him with the opportunity to file an amended complaint to the extent that he can assert a plausible constitutional violation against any of the individual defendants.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Osvaldo Pumba, filed an application for leave to proceed *in forma pauperis* (the "IFP Application"), prisoner trust fund account statement, and complaint, which the clerk of court docketed on May 23, 2022.[1] *See* Doc. Nos. 1–3. Pumba identifies the following defendants in the complaint: (1) the Commonwealth of Pennsylvania; (2) the Lehigh County Courthouse; (3) Tony Tyrique Alvarez ("Alvarez"); (4) Joseph Stauffer ("Stauffer"); (5) James B. Martin ("Martin"); (6) Robert W. Schopf ("Schopf"); and (7) Tony Barata ("Barata"). *See* Compl. at ECF pp. 1–2. Pumba avers that Alvarez, Stauffer, Schopf, and Barata are attorneys for the Commonwealth of Pennsylvania, and Martin is the District Attorney of Lehigh County. *See id.* at ECF pp. 1–2.

Pumba alleges that from May 27, 2021, until March 31, 2022, he was "maliciously prosecuted" on charges of aggravated harassment by a prisoner, a crime of which he is innocent.[2] *See id.* at ECF p. 4. He further alleges that Alvarez, Barata, Stauffer, and Schopf prosecuted him

---

[1] Pumba has filed nine other complaints in this court. *See Pumba v. Lehigh Cnty. Jail, et al.*, Civ. A. No. 21-5585, Doc. No. 2; *Pumba v. Madrid, et al.*, Civ. A. No. 21-5639, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-134, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-137, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-179, Doc. No. 2; *Pumba v. Maldonado, et al.*, Civ. A. No. 22-476, Doc. No. 3; *Pumba v. Miller., et al.*, Civ. A. No. 22-2050, Doc. No. 2; *Pumba v. Knappenberger, et al.*, Civ. A. No. 22-2078, Doc. No. 3; *Pumba v. Kowal, et al.*, Civ. A. No. 22-2082, Doc. No. 2. This memorandum opinion addresses only Civil Action No. 22-2076.
[2] According to the public state court docket, Pumba was charged with aggravated harassment by a prisoner on May 27, 2021, and that on March 31, 2022, the Commonwealth *nolle prossed* the charges. *See* Docket, *Commonwealth v. Pumba*, No. CP-39-CR-1693-2021 (Lehigh Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-39-CR-0001693-2021&dnh=pmxuFUeblNmeeaAleEMxTA%3D%3D.

without probable cause and requested at least seven continuances over an approximately 12-month period "because they did not have any evidence to prosecute [him]." *Id.* at ECF pp. 4, 5. Pumba also alleges that Alvarez, Barata, Stauffer, and Schopf ordered Lehigh County Jail to "keep [him] in the hole or disciplinary segregation" where he was unable to use the electronic law library. *See id.* at ECF p. 4. Apparently, Alvarez, Barata, Stauffer, and Schopf offered Pumba numerous plea deals, but Pumba refused to plead guilty. *See id.* at ECF p. 5. In the end, the Commonwealth of Pennsylvania, on March 31, 2022, *nolle prossed* the charge and the case was dismissed with prejudice.[3]

Based on these allegations, Pumba asserts a Fourth Amendment claim for malicious prosecution[4] and claims for violations of his (1) Sixth Amendment right to a speedy trial, (2) Fourteenth Amendment rights to due process and equal protection, and (3) his Eighth Amendment right to be free from cruel and unusual punishment. *See id.* at ECF p. 4. Pumba seeks $20 million in damages. *See id.*

## II.     DISCUSSION

### A.     The IFP Application

Regarding applications to proceed *in forma pauperis*,

any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an

---

[3] Pumba alleges that this occurred on March 31, 2021, *see* Compl. at ECF p. 5, but this appears to be a typo insofar as the Commonwealth could not have *nolle prossed* the charge on a day prior to the date Pumba was charged.
[4] A plaintiff asserting a malicious prosecution claim must establish that

(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States,* 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis.*" *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Pumba is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis.*[5]

---

[5] As Pumba is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

B.       **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted Pumba leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C.    <u>Analysis</u>

Pumba asserts that the defendants violated his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments and is seeking relief for those violations under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). As set forth below, Pumba fails to state a plausible claim against any defendant.

### 1.    Claims Against the Commonwealth of Pennsylvania

The Eleventh Amendment bars suits against the Commonwealth and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. C.S. §§ 8521–22; *see also Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity), it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. In addition, states are not considered "persons" who may

be liable under § 1983.  See *Will*, 491 U.S. at 65–66. Accordingly, Pumba cannot state a plausible section 1983 claim against the Commonwealth of Pennsylvania, and the court will dismiss Pumba's claims against it.

### 2.      Claims Against the Lehigh County Courthouse

Federal civil rights claims against a courthouse are not cognizable under section 1983. *See Elansari v. United States*, Civ. No. 3:15-CV-1461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016) ("Additionally, Elansari's claims against Moving defendants Centre County Court of Common Pleas, Columbia County Courthouse and Non-Moving defendant Centre County Correctional Facility fail because such entities are not considered 'persons' subject to suit under § 1983."); *Devenshire v. Kwidis*, Civ. A. No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016) ("Defendants are correct that [Beaver Courthouse], as a state entity, is not a 'person' under § 1983, and therefore may not be sued thereunder."); *Robinson v. Mercer Cnty. Courthouse*, Civ. A. No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012) ("Neither a courthouse, nor a county court, is a 'person' subject to liability under § 1983." (citations omitted)); *Bucano v. Sibum*, Civ. A. No. 3:CV-12-606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012) ("As Defendants, Plaintiffs name, in part, [Montgomery County Correctional Facility] and Monroe County Courthouse. The law is well-settled that a prison and a courthouse are not "persons" that are subject to suit under § 1983." (citation omitted)). Therefore, the court will also dismiss Pumba's claims against the Lehigh County Courthouse.

### 3.      Claims Against the Commonwealth Attorneys

Pumba alleges that the individually named defendants all represented the Commonwealth of Pennsylvania in his state prosecution for aggravated harassment by a prisoner. Prosecutors, however, are entitled to absolute immunity from liability under section 1983 for acts that are

"intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Moreover, district attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348–49 (2009). Further, absolute immunity extends to instances of "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence, *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Prosecutors are not absolutely immune when they are "not acting as 'an officer of the court,' but . . . instead engaged in other tasks, [such as] investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342 (quoting *Imbler*, 424 U.S. at 431 n.33).

Here, Pumba alleges that Alvarez, Barata, Stauffer, and Schopf proceeded to charge and prosecute him despite a lack of probable cause. *See* Compl. at ECF p. 4. He further alleges that these defendants requested numerous continuances because they lacked the evidence to prosecute him. *See id.* at ECF p. 5. Pumba's only allegation about Martin is that he appears to have initiated the dismissal of Pumba's criminal case. *See id.* at ECF p. 5. All these allegations attributable to the prosecutors named in the complaint are "intimately associated with the judicial process," *Imbler*, 424 U.S. at 430–31; *Fielder v. Osborne*, Civ. A. No. 09-1138, 2009 WL 4730723, at *4 (W.D. Pa. Dec. 10, 2009) (concluding that prosecutor was absolutely immune from section 1983 claims based on allegation that he requested continuances). Therefore, Alvarez, Barata, Stauffer, Schopf, and Martin are absolutely immune from any section 1983 claims asserted by Pumba, and the court will dismiss these claims.

In addition, although it is not entirely clear, Pumba seems to allege that Alvarez, Barata, Stauffer, and Schopf violated his constitutional rights when they allegedly ordered Lehigh County Jail "to keep [him] in the hole or disciplinary segregation" where he was unable to use the electronic law library. *See* Compl. at ECF p. 4. To the extent that this allegation falls outside of prosecutorial immunity, Pumba nevertheless fails to state a plausible claim against these defendants. We construe Pumba's allegations as asserting a Fourteenth Amendment procedural due process claim against Alvarez, Barata, Stauffer, and Schopf.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Attorney Gen.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). For a prisoner, a liberty interest arises when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014) (per curiam). If a protected liberty interest is alleged, the next question focuses on whether the prisoner was provided with the process due, which includes "a meaningful opportunity to respond and be heard." *Id.* at 140. Pumba does not allege any facts about the extent and conditions of his disciplinary segregation. Nor does he allege any facts about the process he was due but deprived prior to being placed in disciplinary

segregation. Accordingly, the court will dismiss Pumba's due process claims against Alvarez, Barata, Stauffer, and Schopf.

### 4.     Additional Constitutional Claims

As indicated above, Pumba appears to assert claims for violations of his (1) Sixth Amendment right to a speedy trial, (2) Fourteenth Amendment rights to due process and equal protection, and (3) his Eighth Amendment right to be free from cruel and unusual punishment. Pumba has failed to allege a plausible claim under any of these Amendments.

As for the Sixth Amendment, this Amendment guarantees the right of an accused "to a speedy and public trial." U.S. Const. amend. VI. However, because Pumba's criminal case was dismissed, he cannot pursue a Sixth Amendment speedy trial claim through a section 1983 action. *See Young v. City of Hackensack*, No. 04-CV-2011 (WJM), 2005 WL 1924327, at *2 (D.N.J. Aug. 11, 2005) ("Because plaintiff's case did not go to trial, his right to a speedy trial is not at issue."), *aff'd*, 178 F. App'x 169 (3d Cir. 2006); *see also Posey v. Swissvale Borough*, Civ. A. No. 2:12-cv-955, 2013 WL 989953, at *12 (W.D. Pa. Mar. 13, 2013) (dismissing Sixth Amendment speedy trial claim in part because plaintiff's criminal charges had been *nolle prossed* and his case dismissed).

Concerning any possible equal protection clause claim, "[t]he Equal Protection Clause commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state a plausible equal protection claim, Pumba must allege that "he was treated differently than other similarly situated [individuals], and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack*

*v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (citing *Hassan v. City of N.Y.*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). The complaint contains no allegations that would make an equal protection claim plausible.

With regard to any Eighth Amendment claim, the Eighth Amendment prohibits states from inflicting "cruel and unusual punishments" on those convicted of crimes. *See Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) ("The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'"). Based on the facts alleged, the Eighth Amendment does not provide a basis for a plausible section 1983 claim. Under the Eighth Amendment, prison officials have a duty to provide prisoners with "the minimal civilized measure of life's necessities," *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (citation omitted), which include food, clothing, shelter, medical care, and reasonable safety. *Tillman v. Lebannon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). The complaint does not contain any allegations about the deprivation of a life necessity. As such, Pumba has failed to state a plausible Eighth Amendment claim.

### III.   CONCLUSION

For the foregoing reasons, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Considering Pumba's *pro se* status, the court will give him the option of filing an amended complaint if he can address the defects the court has noted as to these claims.[6]

---

[6] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*_____
EDWARD G. SMITH, J.