IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-2076 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA; LEHIGH COUNTY | : | |
| COURTHOUSE; TONY TYRIQUE | : | |
| ALVAREZ; JOSEPH STAUFFER; | : | |
| JAMES B. MARTIN; ROBERT W. | : | |
| SCHOPF; and TONY BARATA, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 18th day of July, 2022, after considering the following filed by the *pro se* plaintiff, Osvaldo Pumba: (1) the application for leave to proceed *in forma pauperis* (Doc. No. 1); (2) the prisoner trust fund account statement (Doc. No. 2); and (3) the complaint (Doc. No. 3); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1.      The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2.      Osvaldo Pumba ("Pumba"), #0200144, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pumba's inmate account; or (b) the average monthly balance in Pumba's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect,

and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Pumba's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Pumba's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3.       The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of Lehigh County Jail;

4.       The complaint (Doc. No. 3) is **DEEMED** filed;

5.       The complaint is **DISMISSED WITH PREJUDICE IN PART** and **DISMISSED WITHOUT PREJUDICE IN PART** as follows:

      a.       All claims against the Commonwealth of Pennsylvania, all claims against the Lehigh County Courthouse, all claims against James B. Martin, and all claims against Tony Tyrique Alvarez, Joseph Stauffer, Robert W. Schopf, and Tony Barata based on their prosecutorial activities, are **DISMISSED WITH PREJUDICE**; and

      b.       All remaining claims in the complaint are **DISMISSED WITHOUT PREJUDICE**;

6.       The clerk of court is **DIRECTED** to **TERMINATE** the Commonwealth of Pennsylvania, the Lehigh County Courthouse, and James B. Martin as defendants;

7.       The clerk of court is **DIRECTED** to **SEND** Pumba a blank copy of the court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number;[1]

---

[1] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

8.      Pumba has **thirty (30) days** from the date of this order to file an amended complaint if he can allege additional facts to state a plausible constitutional claim against Tony Tyrique Alvarez, Joseph Stauffer, Robert W. Schopf, Tony Barata, or any other defendant not immune from suit. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Pumba's claims against each defendant, and shall bear the title "Amended Complaint" and the case number, No. 22-2076. If Pumba files an amended complaint, his amended complaint must be a complete document that includes all the bases for Pumba's claims. **Pumba must not include in any amended complaint any claims that the court has dismissed with prejudice, or any claims against defendants that have been terminated as parties**. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Pumba should be mindful of the court's reasons for dismissing his claims as explained in the court's memorandum opinion. Upon the filing of the amended complaint, the clerk of court shall not make service until so ordered by the court;

9.      If Pumba does not wish to file a second amended complaint and instead intends to stand on his amended complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[2] and

---

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10.     If Pumba fails to file any response to this order, the court will conclude that he intends to stand on his amended complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).