IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-2076 |
| | : | |
| TONY TYRIQUE ALVAREZ, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

SMITH, J.                                                                                     October 4, 2022

*Pro se* Plaintiff Osvaldo Pumba, a convicted prisoner at Lehigh County Jail, filed an Amended Complaint asserting claims for malicious prosecution, equal protection, and due process under 42 U.S.C. § 1983.[1] He names as Defendants four Commonwealth attorneys involved in prosecuting him on criminal charges that were ultimately dismissed, and the Judge that oversaw the criminal proceedings. The Court previously granted Pumba leave to proceed *in forma pauperis*, screened his initial Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the Complaint in part with prejudice and in part without prejudice. Pumba's Amended Complaint will be dismissed in part with prejudice.[2] His malicious prosecution claims against the individual

---

[1] Pumba has filed 13 other Complaints in this Court. *See Pumba v. Lehigh County Jail, et al.*, Civ. A. No. 21-5585 (ECF No. 2); *Pumba v. Madrid, et al.*, Civ. A. No. 21-5639 (ECF No. 2); *Pumba v. Lehigh County Jail Admin., et al.*, Civ. A. No. 22-134 (ECF No. 2); *Pumba v. Lehigh County Jail Admin., et al.*, Civ. A. No. 22-137 (ECF No. 2); *Pumba v. Lehigh County Jail Admin., et al.*, Civ. A. No. 22-179 (ECF No. 2); *Pumba v. Maldonado, et al.*, Civ. A. No. 22-476 (ECF No. 3); *Pumba v. Miller, et al.*, Civ. A. No. 22-2050 (ECF No. 2); *Pumba v. Knappenberger, et al.*, Civ. A. No. 22-2078 (ECF No. 3); *Pumba v. Kowal, et al.*, Civ. A. No. 22-2082 (ECF No. 2); *Pumba v. Sidor, et al.*, Civ. A. No. 22-2900 (ECF No. 2); *Pumba v. Volpe, et al.*, Civ. A. No. 22-2929 (ECF No. 2); *Pumba v. Kowal, et al.*, Civ. A. No. 22-2940 (ECF No. 2); and *Pumba v. Godfrey, et al.*, Civ. A. No. 22-2952 (ECF No. 2). This Memorandum addresses the Amended Complaint in Civil Action No. 22-2076 only.

[2] Because Pumba sent his Amended Complaint to the Court in two separate envelopes, half of the Amended Complaint is docketed at ECF No. 10 and half of the Complaint is docketed at ECF No. 11. The Court refers to ECF No. 11 as Pumba's Amended Complaint (Am. Compl.) and ECF No. 10 as the Addendum to his Amended Complaint (Am. Compl. Add.).

Commonwealth Attorneys may proceed and will be served for a responsive pleading. The balance of his Amended Complaint will be dismissed with prejudice.

I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In his initial Complaint filed on May 23, 2022, Pumba named the following Defendants: (1) the Commonwealth of Pennsylvania; (2) the Lehigh County Courthouse; (3) Tony Tyrique Alvarez; (4) Joseph Stauffer; (5) James B. Martin; (6) Robert W. Schopf; and (7) Tony Barata. (Compl. (ECF No. 3) at 1-2.)[3] Alvarez, Stauffer, Schopf, and Barata were alleged to be attorneys for the Commonwealth of Pennsylvania and Martin was alleged to be the District Attorney of "Lehigh County Courthouse." (*Id.*) Pumba alleged that from May 27, 2021 until March 31, 2022, he was "maliciously prosecuted" on charges of aggravated harassment by a prisoner, a crime of which the Commonwealth eventually *nolle prossed*. (*Id.* at 4)[4] Pumba also alleged that Defendants ordered the Lehigh County Jail to keep him in disciplinary segregation during the pendency of the criminal case. (*Id.* at 4.) Based on these allegations, Pumba asserted a Fourth Amendment claim for malicious prosecution, a Sixth Amendment claim for violation of his right to a speedy trial, an Eighth Amendment claim for violation of his right to be free from cruel and unusual punishment, and a Fourteenth Amendment claim for violations of his rights to due process and equal protection. (*Id.* at 4.)

In a July 18, 2022 Memorandum and Order, the Court granted Pumba leave to proceed *in forma pauperis* and dismissed his Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Pumba v. Pennsylvania*, No. 22-2076, 2022 WL 2805522, at *1 (E.D. Pa. July 18, 2022) ("the July 18 Memorandum"). First, the Court dismissed

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.
[4] The public state court docket reflects that Pumba was charged with Aggravated Harassment by a Prisoner on May 27, 2021, and that on March 31, 2022, the charge was *nolle prossed* and the case was dismissed. *See Commonwealth v. Pumba*, CP-39-CR-0001693-2021 (C.P. Lehigh).

Pumba's claims against the Commonwealth of Pennsylvania with prejudice because the Commonwealth is not a "person amendable to suit under section 1983 and is otherwise entitled to Eleventh Amendment immunity." *Id*. at 1, 4.  Second, the Court dismissed Pumba's claims against the Lehigh County Courthouse with prejudice because a courthouse is also not a "person" subject to suit under § 1983.  *Id*. at 4.  Third, the Court dismissed all claims against the Commonwealth Attorneys (Alvarez, Stauffer, Schopf, and Barata) and against Martin that were based on these Defendants' prosecutorial activities because they are entitled to absolute immunity.  *Id*. at 5. Fourth, the Court dismissed any Fourteenth Amendment procedural due process claims asserted against the Commonwealth Attorneys without prejudice because Pumba failed to assert sufficient facts to state plausible claims.  *Id*.  Finally, the Court dismissed without prejudice Pumba's claims based on violations of his (1) Sixth Amendment right to a speedy trial, (2) Fourteenth Amendment rights to due process and equal protection, and (3) Eighth Amendment right to be free from cruel and unusual punishment.  *Id*. at 6.  The Court provided Pumba 30 days to file an amended complaint.  (*See* ECF No. 6.)

Pumba returned with a timely Amended Complaint.  (*See* Am. Compl., ECF No. 11; Am Compl. Add, ECF No. 10.)  Pumba names the following Defendants in his Amended Complaint: (1) Douglas Reichly, Judge at Lehigh County Courthouse; (2) Tony Tyrique Alvarez, Assistant District Attorney; (3) Tony Barata, Assistant District Attorney; (4) Robert Schopf, Assistant District Attorney; and (5) Joseph Stauffer, Assistant District Attorney.  (Am. Compl. at 2-4.) Pumba alleges that from May 27, 2021 through March 31, 2022,  he was subjected to a criminal proceeding that was initiated without probable cause and that ended his favor.  (Am. Compl. at

6.)[5] He further alleges that the Commonwealth Attorneys acted in bad faith by obtaining false statements from Lehigh County Jail correctional officers in order to proceed with the prosecution. (Am. Compl. Add. at 1-2.)

Pumba also alleges that he "was placed [in] the disciplinary segregation [unit] due to the same case." (Am. Compl. Add. at 2.) Pumba was allegedly in disciplinary segregation for more than six months, where he was unable to access the law library. (*Id*.) Pumba alleges that the conditions of his confinement in the disciplinary segregation unit were unconstitutional. (*See id*.) Specifically, he states that the food portions were "very small," there was no medical assistance, he did not receive purified water for drinking or washing, and he did not have access to the commissary. (*Id*. at 2, 4.) Based on these facts, Pumba asserts claims under the Fourth, Eighth, and Fourteenth Amendments. (Am. Compl. at 4.)[6] He seeks money damages.

## II.   STANDARD OF REVIEW

As Pumba is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the

---

[5] According to the public state court docket, Pumba was charged with aggravated harassment by a prisoner on May 27, 2021, and the Commonwealth nolle prossed the charges on March 31, 2022. See Docket, *Commonwealth v. Pumba*, CP-39-CR-1693-2021 (C. P. Lehigh).

[6] Pumba also cites to a Pennsylvania statute, 18 Pa. Con. Stat. § 4904. (Am. Compl. Add. at 4.) The statute is titled "Unsworn falsification to authorities," and makes it a crime for anyone "with the intent to mislead a public servant . . . [to] . . . "make[] any written false statement which he does not believe to be true." 18 Pa. Con. Stat. § 4904(a)(1). To the extent Pumba is attempting to assert a claim under this statute, he is unable to do so. Section 4904 is "a criminal statute that does not give rise to a private right of action." *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*).

Although Pumba cites to the Eighth Amendment, there are no allegations in the Amended Complaint that would support an Eighth Amendment claim. He does not name any prison official as a Defendant. The allegations concerning the conditions of his confinement in disciplinary segregation relate to a Fourteenth Amendment due process claim, not a claim under the Eighth Amendment.

complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Pumba is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Pumba asserts constitutional claims against Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As set forth below, Pumba again fails to state a plausible § 1983 claim against any Defendant.

### A. Claims Against Judge Douglas Reichley

Pumba names Judge Douglas Reichley in his Amended Complaint. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme*

*Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Pumba alleges that Judge Reichley permitted his criminal case to proceed despite a lack of evidence or probable cause. (Am. Compl. Add. at 3.) Presiding over an assigned case is a function normally performed by a judge. Because Judge Reichley's decision to proceed with Pumba's criminal case was a judicial act entitled to immunity, the § 1983 claims against Judge Reichley will be dismissed with prejudice. *See Little v. Hammond*, 744 F. App'x 748, 751 (3d Cir. 2018) (concluding that absolute immunity warranted dismissal of § 1983 claims against the judge who presided over the plaintiff's criminal case where the allegations concerned the judge's "judicial actions as a state court judge").

**B.  Claims against the Commonwealth Attorneys - Alvarez, Barata, Schopf, and Stauffer**

**1.  Malicious Prosecution**

Pumba again asserts a malicious prosecution claim against Alvarez, Barata, Schopf, and Stauffer. In the July 18 Memorandum, the Court dismissed Pumba's Fourth Amendment claim against these Defendants with prejudice. *See Pumba*, 2022 WL 2805522, at *5 (concluding that Alvarez, Barata, Stauffer, and Schopf "are absolutely immune" from Fourth Amendment claims asserted by Pumba because all of the "allegations attributable to the prosecutors . . . are intimately associated with the judicial process"). In his Amended Complaint, Pumba alleges that the

6

Commonwealth Attorneys "prosecuted [him] by obtaining false statements from Lehigh County Jail corrections officers." (Am. Compl. Add. at 1.) Although it is not clear, the Court understands Pumba to allege that the Commonwealth Attorneys obtained false statements from prison officials prior to indicting him and in order to establish probable cause to initiate the criminal charges.

Prosecutors are entitled to absolute immunity from liability under section 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009)  Moreover, absolute immunity extends to instances of "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence, *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).  Prosecutors are not absolutely immune when they are "not acting as 'an officer of the court,' but . . . instead engaged in other tasks, [such as] investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342 (quoting *Imbler*, 424 U.S. at 431 n.33).  "In determining whether absolute immunity is available for particular actions, the courts engage in a 'functional analysis' of each alleged activity." *Donahue v. Gavin*, 280 F.3d 371, 377 (3d Cir. 2002) (quoting *Kulwicki*, 969 F.2d at 1463).

Courts have found that prosecutors can lose immunity protection when, in connection with the filing of criminal charges, they execute probable cause certifications containing false statements. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *see also Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (concluding that prosecutors were not entitled to absolute immunity from prisoner's § 1983 claims where they solicited false statements from jailhouse informants and thus "were functioning not as advocates, but as investigators seeking to generate evidence in support

7

of a prosecution"). Accepting Pumba's allegations as true and drawing all inferences in his favor for purposes of statutory screening, the Court cannot say that Alvarez, Barata, Schopf, and Stauffer are protected from absolute immunity at this juncture.

Therefore, the Court must consider whether Pumba asserts a plausible claim for malicious prosecution against these Defendants. A plaintiff asserting a malicious prosecution claim must establish that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Pumba alleges that Alvarez, Barata, Schopf, and Stauffer initiated criminal charges against him that were lacking in probable cause and were ultimately terminated in his favor. Pumba also alleges that Alvarez, Barata, Schopf, and Stauffer acted maliciously because they obtained false statements from prison officials in order to initiate those charges. Accepting Pumba's allegations as true, as the Court is obligated to do at this stage of the litigation, Pumba has stated a plausible Fourth Amendment malicious prosecution claim against Alvarez, Barata, Schopf, and Stauffer and this claim will be served for a responsive pleading.

### 2. Due Process

Pumba also appears to again assert a claim for procedural due process against Alvarez, Barata, Stauffer, and Schopf, based on his alleged placement in disciplinary segregation. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic

8

that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Attorney Gen.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); s*ee also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). For a prisoner,[7] a liberty interest arises when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014) (*per curiam*); *see also Arango v. Winstead*, 352 F. App'x 664, 666 (3d Cir. 2009) (*per curiam*) ("Placement in administrative segregation for days or months at a time . . . do[es] not implicate a protected liberty interest."). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (citing *Sandin*, 515 U.S. at 486)). If a protected liberty interest is alleged, the next question focuses on whether the prisoner was provided with the process due, which includes "a meaningful opportunity to respond and be heard." *Bartkowski*, 574 F. App'x at 140.

Pumba has again failed to state a plausible due process claim based on his placement in disciplinary segregation during the duration of the criminal matter. First, a § 1983 plaintiff must allege the personal involvement of each defendant in the alleged constitutional violation. *See Rode*

---

[7] Although the criminal charges that form the basis of Pumba's claims in this case were ultimately dismissed, Pumba had already been serving a sentence for a prior criminal conviction. Thus, at the time he was placed in disciplinary segregation, his status was that of a convicted and sentenced prisoner and not of a pretrial detainee.

*v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  Pumba has not alleged that any of the individual defendants were specifically involved with placing him in disciplinary segregation or with the conditions of his confinement there.  Instead, Pumba alleges that "[he] was placed to [sic] the disciplinary segregation due to the same case" (Am. Compl. Add. at 2), but does not connect this allegation to any of the named Defendants.

Second, even if Pumba had alleged personal involvement, the deprivation alleged by Pumba does not constitute a significant hardship sufficient to constitute a due process violation.  *See Smith*, 293 F.3d at 654 (finding no liberty interest triggered by seven-month placement in disciplinary confinement); *see also Corbeil v. Cahill*, No. 13-1323, 2015 WL 268574, at *3 (M.D. Pa. Jan. 21, 2015) ("Moreover, the denial of commissary and telephone privileges does not amount to forms of discipline that impose an atypical and significant hardship on the ordinary incidents of an inmate's prison life." (citing cases)).  Finally, Pumba has not alleged any facts about the process he was due but deprived prior to being placed in disciplinary segregation.  Pumba's due process claims will be dismissed with prejudice.  Because Pumba has already been given an opportunity to cure the defects in his due process claim, any further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

    **C.**    **Equal Protection Claim**

Although it is not entirely clear, it appears that Pumba asserts an equal protection claim under the Fourteenth Amendment.  The Equal Protection Clause provides that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To state an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)).  Alternatively, a prisoner can assert an equal protection claim based on a "class of one" theory by alleging that he was intentionally treated differently from other similarly situated inmates and that there was no rational basis for the treatment.  *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).  "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'"  *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).

Pumba alleges that while he was on disciplinary segregation he was "treated differently than other similarly [situated] individuals" and "that this treatment was the result of an intentional discrimination and based on [his] membership of class." (Am. Compl. Add. at 3.)  Pumba fails to allege further details about this claim.  He also fails to identify one Defendant who allegedly violated his equal protection rights.  Pumba's generalized and conclusory allegations are not sufficient to state a plausible equal protection claim against any Defendant.  Because Pumba has not alleged how he was treated differently than other similarly situated inmates or how he was discriminated against based on his membership in a protected class, he has not stated a plausible equal protection claim. *See Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (rejecting equal protection claim when inmate did "not allege facts showing that he was similarly situated to the inmates who received wheelchair footrests, crutches and canes, or that there was no rational

basis for his different treatment"); *Perano v. Twp. Of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, Perano must allege facts sufficient to make plausible the existence of such similarly situated parties."); *Beitler v. City of Allentown*, No. 22-104, 2022 WL 768151, at *8 (E.D. Pa. Mar. 14, 2022) ("We should dismiss the claim when an incarcerated person fails to identify similarly situated individuals being treated differently."). Accordingly, any equal protection claims Pumba assets in his Amended Complaint will be dismissed with prejudice. Because Pumba has already been given an opportunity to cure the defects in his equal protection claims, any further amendment would be futile. *See Jones*, 944 F.3d at 483.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Pumba's Amended Complaint in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The following claims are dismissed with prejudice: all claims asserted against Judge Reichley; and the due process and equal protection claims asserted against Alvarez, Stauffer, Barata, and Schopf. No further amendments will be permitted as to these claims. The malicious prosecution claim asserted against Alvarez, Stauffer, Barata, and Schopf will be served for a responsive pleading.

An appropriate Order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.